JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Kendall Green, appeals from his conviction on a single count of abduction. His sole assignment of error is that the court's judgment of conviction was against the manifest weight of the evidence. We find no error and affirm.
 {¶ 2} When addressing a claim that a judgment of conviction is against the manifest weight of the evidence, we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and ultimately determine "whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. We undertake this review being mindful that "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. This is because "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 3} The state's evidence showed that a neighbor of the victim was awakened by the victim's cries to "call the police." The neighbor looked out his window and saw a man, later identified as Green, and a woman whose voice he recognized as the victim's. He said that there appeared to be a problem because the victim was excited and Green had his arm around the victim's waist and was "dragging her" toward the house. Convinced that the victim had not been walking back to the house under her own will, the neighbor called the police. *Page 4 
 {¶ 4} When the police arrived, they knocked on the victim's door and heard a female voice screaming, "[h]elp me. Get him off of me. Help me. Get him off of me." With the door to the house locked and the victim's screams continuing, an officer kicked in the door. He entered the house and followed the screams to a bedroom where he found the naked Green lying on top of the victim. He ordered Green to move off the victim and then arrested him. The officer noted that the victim appeared "[v]ery emotional, looked very upset."
 {¶ 5} The victim testified and, in contradiction to her statement to the police, denied that Green had abducted her. She testified that Green had twice called her on the night of the offense. After ending those conversations, she unplugged her telephone so that she could sleep without interruptions. Green arrived at her door a few hours later, asking why she had disconnected her telephone. They spoke for a while, but the victim tired and asked him to leave. When Green repeatedly refused to leave, the victim took her cordless telephone into the bathroom and tried to the call the police, forgetting, however, that she had previously disconnected the telephone. Frustrated, she ran out of the house and screamed to her neighbor to call the police. Green followed her, asking why she left the house. The victim said that she started coughing and choking because of a viral infection she had, and not because Green had done anything to her. She said that she fell and Green helped her up and assisted her back into the house. When she and Green went back into the house, they lay down on the bed.
 {¶ 6} When the state asked the victim if testimony about how she went back into her house was consistent with her written statement to the police, she claimed not to remember *Page 5 
the contents of that statement. The state showed the victim her statement in order to refresh her recollection, but the victim claimed that the statement did not refresh her memory. The court then declared the victim a hostile witness. Upon further questioning, the victim said that she had not given a truthful statement to the police when she said that Green pulled her back into the house. She also agreed that she did not want Green to go to prison for what had happened.
 {¶ 7} In a written opinion, the court made the following findings:
 {¶ 8} "The defendant is * * * guilty of abduction under R.C. 2905.02(A)(2). The Court finds the evidence established beyond a reasonable doubt the Defendant by force restrained the liberty of [the victim] under circumstances which created a risk of physical harm to her and which placed her in fear. The Defendant accomplished this by lying nude on top of his victim on her bed causing her to repeatedly scream for help and pleading for others to `get him off me.' It was at this time Defendant instructed his victim to not answer the police knocks on the door and their shouts identifying them as the police. Only when police entered the bedroom and instructed Defendant to roll off [the victim] was she able to squirm out from under him and quickly walk crying from the room. [The victim] was described as wearing a long tee shirt when found lying under the Defendant."
 {¶ 9} The court was aware that there were credibility issues in light of the victim's testimony that Green had not pulled her inside the house, but had merely assisted her after she fell. *Page 6 
 {¶ 10} Employing our usual deference to the factual findings of the trier of fact, we find that the court did not lose its way by finding Green guilty of abduction. The court specifically noted there were credibility issues to be resolved, but ultimately concluded that the victim was "not believable and persuasive including, e.g., the preposterous and blatantly untruthful statements of [the victim] when she was confronted with her written statements to the police." We have no reason to contradict the court's credibility assessment as the court had ample opportunity to observe the victim testifying and was in the better position to assess her credibility. Moreover, the objective evidence supported the court's assessment of the victim's credibility. The victim admitted that she wished to keep Green from being convicted, so the court could properly conclude that the victim's testimony had been tainted. Those parts of her testimony that were subject to independent corroboration tended to show Green's guilt; for example, her acknowledgment that she tried to call the police and was screaming to her neighbor for assistance as Green pulled her back into the house. These facts were verified by both the neighbor and the police, neither of whom had any reason to fabricate testimony. The assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's *Page 7 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, P.J., and PATRICIA ANN BLACKMON, J., CONCUR. *Page 1